IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CHASE XANDER,

    Plaintiff,

v.                                                Civ. No. 16-1402 GBW/SMV

CHAVES COUNTY SHERIFF'S OFFICE, *et al.*,

    Defendants.

## **MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on:

(i) *pro se* Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (*doc. 13*);

(ii) Plaintiff's Complaint (*doc. 1-2*);

(iii) Plaintiff's Motion for Free Process and Free Court Fees (*doc. 14*), filed January 6, 2017;

(iv) Defendants' Motion for More Definite Statement (*doc. 6*), filed December 29, 2016;

(v) Plaintiff's Motion to Compel Documentation (*doc. 19*), filed January 23, 2017;

(vi) Plaintiff's Motion to File by Email (*doc. 11*), filed January 6, 2017;

(vii) Plaintiff's Motion for Court Appointed Attorney (*doc. 12*), filed January 6, 2017; and

(viii) Plaintiff's Motion for Expedited Hearing (*doc. 22*), filed April 21, 2017.

For the reasons stated below, the Court will **GRANT** Plaintiff's Application, **DISMISS** Plaintiff's Complaint without prejudice, **DENY AS MOOT** Plaintiff's Motion for Free Process and Free Court Fees, Defendants' Motion for More Definite Statement, Plaintiff's Motion to Compel Documentation, and Plaintiff's Motion for Expedited Hearing, and **DENY** Plaintiff's Motion to File by Email and Plaintiff's Motion for Court Appointed Attorney.

I.     **BACKGROUND**

This matter stems from various alleged interactions between Plaintiff and Defendants over the course of a ten-year period. *See doc. 1-2 at 1*. Plaintiff, proceeding *pro se*, contends that officers employed by Defendant Chaves County Sheriff's Office have committed a host of constitutional, federal, and state law violations throughout this period. *See generally id*. Plaintiff initially filed her Complaint in the Fifth Judicial District Court in Chaves County, New Mexico, on November 28, 2016, and Defendants removed the case on the basis of federal question jurisdiction on December 23, 2016. *See doc. 1*. Following removal, Defendants moved for an order directing Plaintiff to file a more definite statement pursuant to Fed. R. Civ. P. 12(e). *See doc. 6*. Plaintiff filed a Response thereto attempting to clarify some of the underlying facts of her Complaint. *See doc. 15*. In her response, Plaintiff explained that she needed to obtain certain

documentation from Defendants in order to state her claims with any greater specificity—i.e., to identify which officers are alleged to have committed which harms on which dates within the applicable statute of limitations. *See id.* at 3-6. In addition to her Response, Plaintiff filed a flurry of other motions seeking (1) to file by email (*doc. 11*); (2) the appointment of an attorney by the Court (*doc. 12*); (3) to proceed *in forma pauperis* (*doc. 13*); and (4) to proceed without paying any costs or fees (*doc. 14*). Plaintiff also later filed a Motion to Compel Documentation from Defendants (*doc. 19*) and a Motion for an Expedited Hearing on all pending motions (*doc. 22*). This Order will address each of these motions.

## II. ANALYSIS

### A. Application to Proceed *in forma pauperis*

The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes (1) a statement of all assets the person possesses, and (2) that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 F. App'x 879, 884 (10th Cir. 2010) (unpublished) (quoting *Ragan*

v. Cox, 305 F.2d 58, 60 (10th Cir. 1962)). "[A]n application to proceed *in forma pauperis* should be evaluated in light of the applicant's present financial status." *Scherer v. Kansas*, 263 F. App'x 667, 669 (10th Cir. 2008) (unpublished) (citing *Holmes v. Hardy*, 852 F.2d 151, 153 (5th Cir. 1988)). "The statute [allowing a litigant to proceed *in forma pauperis*] was intended for the benefit of those too poor to pay or give security for costs[.]" *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 344 (1948). While a litigant need not be "absolutely destitute," nevertheless "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Id.* at 339 (quotations omitted).

Plaintiff signed an affidavit declaring that she is unable to pay the costs of these proceedings and provided the following information: (1) her average monthly income during the past 12 months was $735.00 and her income amount expected next month is $735.00; (2) she owns no assets; (3) her monthly expenses are $860.00; and (4) she has no cash and has $655.00 in a bank account. *See generally doc. 13*. Because her monthly expenses exceed her monthly income, the Court finds that Plaintiff is unable to prepay the fees to initiate this action. Accordingly, the Court will grant Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (*doc. 13*) and deny Plaintiff's Motion for Free Process and Free Court Fees (*doc. 14*) as moot.

## B.  Dismissal of Proceedings *In Forma Pauperis*

The statute governing proceedings *in forma pauperis* requires federal courts to dismiss an *in forma pauperis* proceeding that "is frivolous or malicious; . . . fails to state a claim on which relief may be granted; or . . . seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2).  "Dismissal of a *pro se* complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts [she] has alleged and it would be futile to give [her] an opportunity to amend."  *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007) (quoting *Curley v. Perry*, 246 F.3d 1278, 1281 (10th Cir. 2001)).  "In determining whether a dismissal is proper, we must accept the allegations of the complaint as true and construe those allegations, and any reasonable inferences that might be drawn from them, in the light most favorable to the plaintiff."  *Id.* (quoting *Gaines v. Stenseng*, 292 F.3d 1222, 1224 (10th Cir. 2002)).

The Court looks to the specific allegations in the Complaint to determine whether they plausibly support a legal claim for relief, which requires the factual allegations to raise a right to relief above the speculative level.  *See Kay*, 500 F.3d at 1217-18 (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Dismissal of an *in forma pauperis* complaint as frivolous is not an abuse of discretion based on a determination that the *pro se* litigant did not state a viable legal claim and that the "complaint and [] subsequent

5

pleadings consist[ed] of little more than unintelligible ramblings[.]" *See Triplett v. Triplett*, 166 F. App'x 338, 339-340 (10th Cir. 2006) (unpublished). However, "pro se litigants are to be given reasonable opportunity to remedy the defects in their pleadings." *Hall v. Bellmon*, 935 F.2d 1106, 1110 n.3 (10th Cir. 1991).

The Complaint alleges Defendants discriminated against Plaintiff because of her sexuality and disability during several incidents.[1] *See doc. 1-2*. The first alleged incident occurred when Defendants arrested Plaintiff "for domestic abuse that from their report was for nothing more than 'grabbing the girlfriend rudely by the jacket.'" *Id.* at 1. Plaintiff states that the arresting officers were responding to an emergency call after Plaintiff injured herself falling off a porch, but that when they arrived they "started harassing [Plaintiff and her girlfriend.]" *Id.* at 1-2.

During another alleged incident, Plaintiff "called the sheriffs to report being raped by her caregiver [at] which time 5 sheriffs arrived at her house, treated her as the criminal, said things like 'don't worry your boyfriend will be back tomorrow'. . . . [and] mocked and joked and refused to take a proper report." *Id.* at 4. Defendants also allegedly "refused to take a serious report on [Plaintiff's claims she was being stalked] for over 3 years, mocked and made fun of her with statements like 'tell her how the

---

[1] In addition, Plaintiff appended a list of "causes" to her Complaint listing at least eighteen other alleged violations of her civil rights and New Mexico state law, although the list contains numerous repetitions and scattershot citations without reference to the factual underpinnings of the claims, making it difficult to parse with any accuracy. *See doc. 1-2* at 9-12.

[G]ermans and [I]ndians are after you'" and "saying [Plaintiff] was delusional or crazy." *Id*. at 5. Plaintiff also alleges that Defendants "arrested or falsely imprisoned [Plaintiff] multiple times when [Plaintiff] was doing nothing more than trying to file a true and accurate police report," which Plaintiff asserts are violations of her First and Fourth Amendment rights. *Id.* at 6. The Complaint further alleges that Defendants:

> . . . have broken into [Plaintiff's] home over 10 times and falsely arrested her and abused her by:
> Shooting [Plaintiff] with their non[-]lethal guns while [Plaintiff] was naked in her bath tub.
>
> Pepper spraying her 2 times on her own property.
>
> Beating her black and blue by placing her handcuffed in their police cruiser speeding down the road then throwing on the brakes.

*Id*. at 6-7. In addition to claims pursuant to Title II of the Americans with Disabilities Act, Plaintiff also asserts claims pursuant to 42 U.S.C. § 1983 for violations of constitutional rights on the basis of the factual allegations described above.

The allegations in the Complaint are vague and conclusory. Plaintiff states that Defendants discriminated against her because of her disability, but does not allege that she is a disabled individual under the ADA, does not describe the adverse discriminatory action and does not allege that she exhausted any applicable administrative remedies. *See generally doc. 1-2*. Plaintiff also alleges Defendants falsely arrested her and violated her constitutional rights, but she fails to state with any

7

particularity what each Defendant did to Plaintiff, or when the Defendants committed these alleged actions.

The Court will dismiss Plaintiff's Complaint without prejudice because it fails to state a claim. "[C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based . . . . [and] in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not [her] conclusory allegations." *Hall*, 935 F.2d at 1110 (internal citations omitted). "[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and[] what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

Plaintiff may file an amended complaint within **21 days** of entry of this Order. *See Hall*, 935 F.2d at 1110 n.3 ("pro se litigants are to be given reasonable opportunity to remedy the defects in their pleadings"). Failure to timely file an amended complaint may result in dismissal of this case without prejudice.

The Court notes that Plaintiff attached 45 pages of exhibits to her Complaint, many of which did not pertain to the stated factual allegations against the named Defendants. Pursuant to the Local Rules, Plaintiff should not attach any exhibits to her

8

amended complaint unless they form the basis for the action. *See* D.N.M.LR-10.4.

### C. Motion to File by Email

The Court will deny Plaintiff's request to file in this case by email or fax (*doc. 11*). The Court does not accept documents for filing by email or facsimile. The "Guide for Pro Se Litigants" and the "CM/ECF Administrative Procedures Manual" describe the procedures and requirements for filing electronically.[2]

### D. Motion for Court Appointed Attorney

"There is no constitutional right to appointed counsel in a civil case. However, "[t]he court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1)). "The decision to appoint counsel is left to the sound discretion of the district court." *Engberg v. Wyoming*, 265 F.3d 1109, 1122 (10th Cir. 2001). When deciding whether to grant a litigant's motion, the following factors guide the decision to appoint counsel in a civil case: "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present [her] claims, and the complexity of the legal issues raised by the claims." *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991)). Finally, the "burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Hill v.*

---

[2] Both of those documents are available on the Court's website at
http://www.nmd.uscourts.gov/sites/nmd/files/ProSePackage.pdf and
http://www.nmd.uscourts.gov/sites/nmd/files/NMD_APM.pdf, respectively.

*SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004) (quoting *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985)).

In considering Plaintiff's motion for the appointment of counsel, the Court has carefully reviewed the Motion, relevant case law, and the pleadings filed in this case in light of the above-referenced factors. Plaintiff's Motion states that a "court appointed attorney . . . would help very much due to the [complexity] of this case," that there are "very complicated legal matters which stretch from causes[,] like in this case[,] of battery and police abuse and neglect[,] to [foreign] consumer laws and new computer[] laws [for] which there is very little precedent." *Doc. 12* at 1. Plaintiff further asserts that "[a]ttempting all of these cases[3] while only pro se is an incredible task not only [requiring] the ability to [technically] submit the cases but also a very broad knowledge [of] laws from civil rights to criminal." *Id*. Plaintiff also notes that "she might be asked to incriminate herself by an opposing attorney possibly in the form [] of alleged slander or harassment[,] as shown in her sequestered criminal cases [in which Defendants] have already accused her of such." *Id*. Finally, Plaintiff "begs the court to consider her special circumstances [including] indigence and rural location as well." *Id*. at 2.

These factors do not indicate that counsel should be appointed. Financial hardship, while necessary for the appointment of counsel under 28 U.S.C. § 1915(e)(1), is

---

[3] Plaintiff indicates that she is involved in other civil and criminal cases and asks that the Court appoint an attorney to represent her in all of them, but she fails to identify any such cases.

not sufficient absent a showing of the factors articulated in *Meese*. One such factor—the merits of the litigant's claims—weighs against the appointment of counsel, given that Plaintiff has yet to establish which, if any, of the alleged incidents underlying her claim falls within the applicable statute of limitations by identifying when such incidents occurred. *See generally docs. 1-2, 15*. Indeed, Plaintiff has acknowledged that at least one of the underlying instances, "when the [officers] broke into her house then shot her while she was naked in her bath tub with their non[-]lethal weapons," took place outside of the statute of limitations. *See doc. 15 at 4*.

Moreover, as discussed above, Plaintiff has failed to identify any particular individual officer who committed the acts alleged. *See docs. 1-2, 15*. Therefore, at present, the only named Defendants are alleged to be responsible solely on the basis of municipal liability for the actions of unidentified individual officers. However, municipalities cannot be held liable for the acts of their employees under 42 U.S.C. § 1983 on the basis of a *respondeat superior* theory of liability. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978); *see also Bryson v. City of Okla. City*, 627 F.3d 784, 788 (10th Cir. 2010). Instead, "[a] plaintiff suing a municipality under section 1983 for the acts of one of its employees must prove: (1) that a municipal employee committed a constitutional violation; and (2) that a municipal policy or custom was the moving force behind the constitutional violation." *Myers v. Okla. Cty. Bd. of Cty. Comm'rs*, 151 F.3d 1313, 1316

(10th Cir. 1998). In order to meet this burden, a plaintiff must first "identify a government's policy or custom that caused the injury." *Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 769 (10th Cir. 2013) (internal citation omitted). The plaintiff is then required to show "that the policy was enacted or maintained with deliberate indifference to an almost inevitable constitutional injury." *Id.* The Tenth Circuit has distilled these requirements into three specific elements: "(1) official policy or custom[;] (2) causation[;] and (3) state of mind." *Id*. Plaintiff has failed to offer any basis for a claim of municipal liability, and has therefore failed to meet her burden to convince the Court that her claims have merit. *See SmithKline Beecham Corp.*, 393 F.3d at 1115.

Finally, Plaintiff's Complaint does not present novel or complex legal claims, and the factual issues raised therein do not require the assistance of counsel to articulate. *See generally doc. 1-2*. In sum, applying the relevant factors under *Meese*, the Court is not persuaded that appointment of counsel is warranted in this case and will thus deny Plaintiff's Motion for Court Appointed Attorney (*doc. 12*).

### E. Defendants' Motion for More Definite Statement and Plaintiff's Motion to Compel

Defendants filed a Motion for More Definite Statement on the ground that "the Complaint contains few facts or details that would allow Defendants to respond." *Doc. 6* at 1. Additionally, Plaintiff filed a Motion to Compel Documentation asking the Court

to "compel the defendants to produce all documentation . . . from every agency that was involved with the Plaintiff at all." *Doc. 19*. Because Plaintiff's Complaint is due to be dismissed, the Court will deny both of these motions as moot.

### F. Service on Defendants

Section 1915 provides that the "officers of the court shall issue and serve all process, and perform all duties in [proceedings *in forma pauperis*]"). 28 U.S.C. § 1915(d). Rule 4 provides that:

> At the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court. The court must so order if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915 or as a seaman under 28 U.S.C. § 1916.

Fed. R. Civ. P. 4(c)(3).

The Court will not order service of Summons and Complaint on Defendants at this time. The Court will order service if Plaintiff timely files an amended complaint which states a claim, establishes that this Court has jurisdiction, and provides the addresses of each named Defendant.

### III. CONCLUSION

Based on the foregoing, **IT IS ORDERED** that:

(i) Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (*doc. 13*) is **GRANTED;**

(ii) Plaintiff's Motion for Free Process and Free Court Fees (*doc. 14*) is **DENIED AS MOOT;**

(iii) Defendants' Motion for More Definite Statement (*doc. 6*) is **DENIED AS MOOT;**

(iv) Plaintiff's Motion for Court Appointed Attorney (*doc. 12*) is **DENIED;**

(v) Plaintiff's Motion for Expedited Hearing (*doc. 22*) is **DENIED AS MOOT;**

(vi) Plaintiff's Motion to Compel Documentation (*doc. 19*) is **DENIED as moot;**

(vii) Plaintiff's Motion to File by Email (*doc. 11*) is **DENIED;**

(viii) Plaintiff's Complaint (*doc. 1-2*) is **DISMISSED WITHOUT PREJUDICE.**

Plaintiff may file an amended complaint within 21 days of entry of this Order**.**

_____
GREGORY B. WORMUTH
United States Magistrate Judge
Presiding by Consent